# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **K.L. and A.L.**

**No. 17-0561** (Wood County 16-JA-94 & 16-JA-95)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.L., by counsel Travis Sayre, appeals the Circuit Court of Wood County's June 6, 2017, order terminating his parental rights to K.L. and A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Justin M. Raber, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to continue the dispositional hearing and terminating his parental rights without first granting an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed a petition against the mother of the children. The DHHR alleged that the mother caused physical harm to the child K.L. that resulted in bruising to his left arm, ear, face, and a broken thumb. The DHHR later filed an amended petition to include allegations against petitioner. Specifically, in the amended petition, the DHHR stated that petitioner failed to provide food, shelter, clothing, medical care, or supervision for the children.

In November of 2016, the circuit court held an adjudicatory hearing after being continued two times, once due to petitioner's incarceration.[2] Petitioner stipulated to the allegations

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]While petitioner was incarcerated throughout some of the underlying proceedings, the record does not indicate that he was incarcerated the entire time since the children's birth in 2011.

1

contained in the amended petition. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In May of 2017, the circuit court held a dispositional hearing during which petitioner, still incarcerated, moved to continue the hearing until after his parole hearing in July of 2017. The DHHR and the guardian objected to petitioner's motion, which the circuit court denied, and the hearing proceeded. Petitioner testified and admitted that he had not seen or contacted his children in two years. Petitioner blamed the mother, stating that she made it nearly impossible to see the children. However, petitioner testified that he did not attempt to petition the family court to enforce visitation with his children. Petitioner also requested a post-dispositional improvement period. The circuit court found that petitioner failed to seek any remedies for visitation or custody of his children, and that for over six months, petitioner failed to provide the children with shelter, support, food, clothing, medical care, supervision, or any other emotional or financial support. The circuit court determined that this failure to provide for the children demonstrated petitioner's intent to forgo his parental responsibilities to the children. The circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. Petitioner's request for an improvement period was denied and his parental rights were terminated by order dated June 6, 2017.[3] It is from this dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues on appeal that the circuit court erred in denying his motion to continue the dispositional hearing. We do not agree. Rule 5 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that "[u]nder no circumstances

---

[3]The mother is currently completing an improvement period. According to the DHHR, the permanency plan is reunification with the mother pending the successful completion of her improvement period. The concurrent permanency plan is adoption by the maternal aunt, with whom the children currently reside, if the mother is unsuccessful in her improvement period.

shall a child abuse and neglect [proceeding] be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." Petitioner's request to continue the dispositional hearing was solely based on his desire to have his parole hearing prior to his dispositional hearing. As Rule 5 clearly prohibits delaying abuse and neglect proceedings pending the resolution of criminal proceedings, we find no error in the circuit court's decision.

Petitioner also argues on appeal that the circuit court erred in terminating his parental rights without granting him an improvement period. We disagree. We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004). Further, we have held that "the commencement of a dispositional improvement period in abuse and neglect cases must begin no later than the date of the dispositional hearing granting such improvement period." *In re Emily*, 208 W.Va. 325, 338, 540 S.E.2d 542, 555, (2000).

The record is clear that petitioner failed to demonstrate that he was likely to fully participate in an improvement period. First, had the circuit court granted petitioner an improvement period at the dispositional hearing, his incarceration would have prohibited him from successfully participating in services. Second, regardless of whether petitioner may have been paroled, his past behavior suggests that he was unlikely to successfully complete an improvement period. Petitioner had no contact with the children for at least two years prior to the filing of the petition, nor did he send them any financial support, clothing, food, gifts, or cards. Petitioner admitted that he abandoned his children and did not seek to remedy the situation. Pursuant to West Virginia Code § 49-4-604(b)(7)(A), the DHHR is not required to make reasonable efforts to reunify a parent and child if the parent has "subjected the child . . . to aggravated circumstances which include, but are not limited to, abandonment[.]" As such, we find no error in the circuit court's decision to deny petitioner an improvement period.

Moreover, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that the circuit court erred in terminating his parental rights based solely on his incarceration. With regard to incarceration, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See Cecil T.*, 228 W.Va. at 97, 717 S.E.2d at 881 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights."). Further, we have held that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future,

the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3. Despite petitioner's argument to the contrary, the record demonstrates that the circuit court relied upon several factors in addition to his incarceration. The circuit court considered the fact that petitioner had not contacted his children in at least two years and had not sought to remedy the situation. Additionally, petitioner did not provide the children with shelter, support, food, clothing, medical care, supervision, or any other emotional or financial support prior to his incarceration. Therefore, we find no merit in petitioner's argument that the circuit court erroneously relied on his incarceration as a basis for terminating his rights.

Rather, the circuit court terminated petitioner's parental rights upon findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Moreover, we have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The record establishes that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect, as evidenced by his abandonment of the children. While petitioner argues that the issue of abandonment would have been easily corrected had he been granted an improvement period, petitioner offers no evidence to support his self-serving assertions. Rather, his past behavior of abandoning the children with no intention to seek court intervention to remedy the situation shows that there was no reasonable likelihood that he could correct the conditions of abuse and neglect. As such, we find no error in the circuit court's decision terminating his parental rights.

Lastly, because the circuit court's proceedings regarding the mother are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

4

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has held that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 6, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5